# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DETARUS RAYSHOD JEFFERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>WATERLOO POLICE DEPARTMENT,<br>INVESTIGATOR ROBERT DUNCAN,<br>OFFICER SHAWN BRAM,<br>INVESTIGATOR TYLER,<br><br>    Defendants. | No. C11-2003-LRR<br><br>ORDER |

This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on January 19, 2011. The clerk's office filed the case in this district on January 21, 2011. Prior to the case being transferred or on December 13, 2010, the plaintiff submitted an application to proceed in forma pauperis, an application for appointment of counsel and a complaint pursuant to 42 U.S.C. § 1983.

The plaintiff did not submit the statutory $350.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison. 28 U.S.C. § 1915(a)(2). A prisoner bringing a civil action in forma pauperis is required to pay the

full $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff did not sign his application to proceed in forma pauperis or his application for appointment of counsel. *See* Fed. R. Civ. P. 11(a) (regarding signing of pleadings); LR 11 (same). If he desires to pursue the instant action, the plaintiff is directed to file by no later than April 21, 2011 a signed and dated application to proceed in forma pauperis.[1] The plaintiff is directed to utilize AO Form 240. The clerk's office is directed to send the plaintiff AO Form 240 (Rev. 07/10). Similarly, if he wants to ask the court to appoint an attorney to represent him, the plaintiff is directed to file by no later than April 21, 2011 a signed and dated application for appointment of counsel. If the plaintiff fails to comply with this order, this case may be dismissed for failure to respond to an order of the court. Fed. R. Civ. P. 41(b); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995); *cf.* L.R. 41.1(b)(4). The court reserves ruling on the plaintiff's application to proceed in forma pauperis, application for appointment of counsel and complaint pursuant to 42 U.S.C. § 1983.[2]

---

[1] The court notes that, if he elects to submit AO Form 240, the plaintiff need not submit an additional certificate of inmate account; the court will rely on the certificate of inmate account previously submitted by the plaintiff.

[2] The court notes that the instant action appears to be related to *State v. Jefferson*, Case No. AGCR163775 (Black Hawk County Dist. Ct. 2009), that is, a state court criminal case where the plaintiff pleaded guilty to assault causing injury on a peace officer, in violation of Iowa Code § 708.3A(3). Before proceeding with this action, the plaintiff should be aware of the following:
> The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *See Terry v. Ohio*, [392 U.S. 1, 20-22 (1968)]. The Fourth

(continued…)

2

**IT IS SO ORDERED**

**DATED** this 29th day of March, 2011.

                                          _____
                                          LINDA R. READE
                                          CHIEF JUDGE, U.S. DISTRICT COURT
                                          NORTHERN DISTRICT OF IOWA

---

[2](…continued)
    Amendment is not violated by an arrest based on probable cause, even though the wrong person is arrested, *Hill v. California*, 401 U.S. 797 (1971), nor by the mistaken execution of a valid search warrant on the wrong premises, *Maryland v. Garrison*, 480 U.S. 79 (1987). With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," *Johnson v. Glick*, [481 F.2d 1028, 1033 (2d Cir. 1973)], violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

*Graham v. Connor*, 490 U.S. 386, 396-97 (1989); *see also Rohrbough v. Hall*, 586 F.3d 582, 585-86 (8th Cir. 2009) (making clear that the appropriate inquiry is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them and stating that the facts and circumstances include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, whether the suspect actively resisted arrest or attempted to evade arrest by flight and the extent of the suspect's injuries).